STATE OF ARKANSAS  
CIRCUIT COURT  
OFFICE OF THE CIRCUIT CLERK, 102 N.E. "A", Bentonville, AR 72712

CASE NO.: CV 2009-806-2

DIVISION:

## SUMMONS
### (NOTICE OF LAWSUIT)

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS

| PLAINTIFF(S) | vs. | DEFENDANT(S) |
|---|---|---|
| WAL-MART STORES, INC. | | BLACK & DECKER (U.S.), INC. |

PLAINTIFF'S ATTORNEY:   Tony Juneau/Marshall S. Ney   Mitchell Williams, P.L.L.C., 5414 Pinnacle Point Dr., Suite 500, Rogers, AR 72758; (479)464-5650

STATE OF ARKANSAS TO DEFENDANT:   Black & Decker (U.S.), Inc.

1. You are hereby notified that a lawsuit has been filed against you by the above-named Plaintiff(s). The relief asked is stated in the attached Complaint.

2. The attached Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief sought in the Complaint unless you file a written response or answer and thereafter appear and present your defense. Your pleading must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

   B. It must be filed in the Benton County Circuit Clerk's Office within **TWENTY (20)** days from the day you were served with this summons; OR within **THIRTY (30)** days if you are a non-resident of this state or within **SIXTY (60)** days if you are a person incarcerated in any jail, penitentiary, or other correctional facility in this state.

   C. A copy of your response or answer must be delivered or mailed to the Plaintiff(s) or the Plaintiff(s)' attorney.

3. If you desire to be represented by an attorney, you should immediately contact your attorney so that a response or answer can be filed for you in the time allowed.

4. Additional Notices:

WITNESS my hand and seal of said Court on this day: 3-10-09   _Brenda De Shields_

By: _[signature]_ _____ D.C.

CIRCUIT CLERK  
STATE OF ARKANSAS, COUNTY OF _____

On this ____ day of _____, 20__, at _____ a.m./p.m., I have duly served the within summons by delivering a copy thereof (or stating the substance thereof), together with a copy of the Complaint, to _____, such person being:

CHECK AS APPROPRIATE:

____ The person named herein as Defendant.  
____ A member of the Defendant's family above 14 years of age at Defendant's usual place of abode, namely: _____  
____ The duly designated agent for service of process for the Defendant, namely: _____  
____ Other: _____

_____ COUNTY SHERIFF

By: _____ D.S.

130126) 1

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
\_\_\_DIVISION

WAL-MART STORES, INC.                                                PLAINTIFF

vs.                          NO. CV 09- 806-2

BLACK & DECKER (U.S.), INC.     CLINGER                              DEFENDANT

## PETITION FOR DECLARATORY JUDGMENT

Plaintiff Wal-Mart Stores, Inc. ("Wal-Mart"), by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for its Petition for Declaratory Judgment against Black & Decker (U.S.), Inc. ("Black & Decker"), states as follows:

1. This Petition is filed pursuant to the Arkansas Declaratory Judgment Act, codified at ARK. CODE ANN. § 16-111-101 *et seq.*, and seeks a declaration of Wal-Mart Stores, Inc.'s rights under a Vendor Agreement executed between the Parties.

### I.    PARTIES

2. Wal-Mart is a foreign corporation organized and existing pursuant to the laws of the state of Delaware, with its principal place of business located in Bentonville, Benton County, Arkansas.

3. Black & Decker is a foreign corporation authorized to do business in the state of Arkansas.

### II.   JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this case pursuant to Section 6 of Amendment 80 of the Constitution of the State of Arkansas. The amount in controversy exceeds the amount required for Diversity of Citizenship jurisdiction in federal court.


5.  The Court also has personal jurisdiction over Black & Decker. Black & Decker has such minimum contacts with the State of Arkansas that this Court's exercise of personal jurisdiction over it is consistent with the requirement of the Due Process Clause of the Constitution of the United States. In addition, Black & Decker has consented to the personal jurisdiction of this Court through the Vendor Agreement referenced below.

6.  Venue is proper in this Court pursuant to ARK. CODE ANN. § 16-55-213. Venue is also proper in this Court based on the Vendor Agreement referenced below.

### III. FACTUAL BACKGROUND

7.  In May 1999, Wal-Mart and Black & Decker executed a Vendor Agreement, which exclusively governed the relationship between them. *See Exhibit 1, Vendor Agreement.*

8.  Among other things, the Vendor Agreement provides that Black & Decker shall indemnify and hold harmless Wal-Mart from any and all claims arising out of any actual or alleged injury caused by any Black & Decker product sold in a Wal-Mart store. Specifically, the indemnification provision of the Vendor Agreement states:

> Indemnification: Vendor shall protect, defend, hold harmless and indemnify [Wal-Mart] from and against any and all claims, actions, liabilities, losses, costs, and expenses, including reasonable attorney fees and costs, even if such claims are groundless, fraudulent or false, arising out of any actual or alleged infringement of any patent, trademark, tradedress, or copyright by any merchandise sold to the Purchaser hereunder, or arising out of any actual or alleged death of or injury to any person, damage to any property, or any other damage or loss, by whomsoever suffered, resulting or claimed to result in whole or in part from any actual or alleged defect in such merchandise, whether latent or patent, including actual or alleged improper construction or design of said merchandise or the failure of said merchandise to comply with specifications or with any express or implied warranties of Vendor, or arising out of any actual or alleged violation by such merchandise, or its manufacturer, possession or use or sales, of any law, statute, or ordinance of any governmental administrative order, rule or regulation arising out of Vendor's installation of merchandise covered by this agreement.

*Exhibit 1, pp. 3, 6.*

9. The Vendor Agreement provides that it, as well as all disputes arising under the Vendor Agreement, shall be governed by and construed in accordance with the laws of the state of Arkansas. *Exhibit 1, p. 3.*

10. On November 1, 2006, Randy and Pamela Jackson (collectively "Jackson") filed a lawsuit against Black & Decker in the United States District Court for the Northern District of Texas, Dallas Division, in which Jackson alleged that he was injured as a result of a defective grinder manufactured by Black & Decker. Jackson purchased the grinder at a Wal-Mart store in Texas. *See Exhibit 2, Complaint, Jackson v. Black & Decker (U.S.), Inc.*, Case No. 3:06-cv-02005-G (N.D. Tex).

11. On March 22, 2007, Jackson amended his complaint, adding Wal-Mart as a defendant. In the amended complaint, Jackson alleged that Wal-Mart is liable for violations of the Texas Deceptive Trade Practices Consumer Protection Act. Wal-Mart filed a timely answer to Jackson's amended complaint, and also filed a cross-claim against Black & Decker. In its cross-claim, Wal-Mart alleged that Jackson's injuries, if any, were caused by Black & Decker's defective product.

12. On September 21, 2007, Black & Decker agreed to "defend and indemnify Wal-Mart in connection with those claims under the terms of the Supplier Agreement between Black & Decker and Wal-Mart." *See Exhibit 3, Letter from Daniel Lanier, dated September 21, 2007.*

13. Soon thereafter, Jackson and Black & Decker entered into a settlement agreement, in which Jackson agreed to settle all claims against Black & Decker. *See Exhibit 4, Confidential Settlement and Indemnity Agreement between Jackson and Black & Decker.*

14. On October 25, 2007, Black & Decker withdrew its "agreement to defend and indemnify Wal-Mart." *See Exhibit 5, Letter from Daniel Lanier, dated October 25, 2007.* In his

3

letter withdrawing Black & Decker's agreement to defend and indemnify Wal-Mart, Daniel Lanier, counsel for Black & Decker, stated that Black & Decker had settled its dispute with Jackson and that "the only remaining claims the Plaintiff is asserting against Wal-Mart relate solely to Wal-Mart's alleged independent negligence." *See Exhibit 5.*

15. It is Black & Decker's position that it can avoid its duties to defend and indemnify Wal-Mart under the Vendor Agreement by simply settling with Jackson.

16. After the settlement with Jackson, Black & Decker moved for summary judgment on Wal-Mart's cross-claim, arguing that Black & Decker had no duty to defend and indemnify Wal-Mart beyond the date of the settlement.

17. In a recent decision, the federal district court in Texas denied Black & Decker's Motion for Summary Judgment on the indemnification issue, finding that "Black & Decker has not demonstrated that it is no longer required, as a matter of law, to indemnify Wal-Mart." *See Exhibit 6, Memorandum Opinion and Order.*

18. Notwithstanding the federal district court's ruling, Black & Decker has continued its refusal to defend, indemnify and hold harmless Wal-Mart.

### IV.   CAUSE OF ACTION FOR DECLARATORY JUDGMENT

19. Wal-Mart re-alleges and incorporates by reference paragraphs 1-18 above as if restated herein, word-for-word.

20. This Court has the authority to determine the contractual rights and obligations of Wal-Mart and Black & Decker under the Vendor Agreement. ARK. CODE ANN. § 16-111-104.

21. Wal-Mart and Black & Decker had the legal capacity to enter into the Vendor Agreement, mutually assented to the Vendor Agreement, and exchanged adequate consideration. Accordingly, the Vendor Agreement is a binding and enforceable contract under Arkansas law.

4

22. The Vendor Agreement provides that Black & Decker will "protect, defend, hold harmless and indemnify" Wal-Mart from any claim or lawsuit arising out of any injury to a person "resulting or claimed to result in whole or in part from any actual or alleged defect in such merchandise." *Exhibit 1, pp. 3, 6.*

23. In his original pleadings, Jackson claims that he was injured because Black & Decker "designed, manufactured, marketed, assembled and/or tested the product in question to be unreasonably dangerous and defective." *Exhibit 2, p. 2.* Jackson further alleges that Black & Decker was "negligent in the design, manufacture, assembly, marketing and testing of the grinder assembly and related components." *Exhibit 2, p. 3.*

24. Based on Jackson's allegations, it is clear that Jackson claims that his injuries resulted "in whole or in part from any actual or alleged defect in" the grinder.

25. According to the plain language of the Vendor Agreement, Black & Decker has a contractual obligation to "protect, defend, hold harmless and indemnify" Wal-Mart from Jackson's claims.

26. Therefore, because Jackson claims that his injures were caused "in whole or in part from any actual or alleged defect" in the grinder, Black & Decker has an absolute contractual obligation to "protect, defend, hold harmless and indemnify" Wal-Mart with regard to Jackson's claims.

27. Black & Decker cannot avoid its contractual obligations to Wal-Mart by merely settling Jackson's direct claims against it.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Wal-Mart Stores, Inc., prays that the Court enter Judgment in its favor and against Black & Decker declaring:

a.) that the Vendor Agreement requires Black & Decker to protect, defend, hold harmless, and indemnify Wal-Mart from Jackson's lawsuit;

b.) that Black & Decker is required to provide a defense to Wal-Mart in Jackson's lawsuit, with Black & Decker being responsible for all costs, expenses, and attorneys' fees related to Jackson's lawsuit;

c.) that Black & Decker is required to reimburse Wal-Mart for any costs, expenses, and attorneys' fees incurred in Jackson's lawsuit;

d.) that Black & Decker is required to pay any judgment obtained by Jackson against Wal-Mart, if applicable;

e.) that, in the event Wal-Mart and Jackson reach a settlement, Black & Decker is responsible for providing Jackson with the settlement proceeds;

f.) that Wal-Mart is entitled to recover all attorneys' fees and costs associated with this action, pursuant to ARK. CODE ANN. § 16-111-111; and

g.) and for any and all other just and proper relief to which Wal-Mart is entitled.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
5414 Pinnacle Point Drive, Suite 500
Rogers, AR 72758
Telephone: (479) 464-5650

By: _____
Marshall S. Ney, AR Bar No. 91108
Tony Juneau, AR Bar No. 2004160

6